Coös,           }
March 4, 1913.  }

### JOHN BUELL v. BERLIN MILLS CO.

In an action for personal injuries against employers, certain evidence deemed sufficient to warrant a submission of the questions whether the defendants performed their duty of care in providing a safe work-place and whether the plaintiff knew and appreciated the danger to which he was exposed.

CASE, for personal injuries sustained by the plaintiff while in the defendants' employ. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1912, of the superior court by *Wallace*, C. J., on the defendants' exceptions to the denial of their motions for a nonsuit and the direction of a verdict in their favor.

*Goss & James* and *Matthew J. Ryan* (*Mr. Goss* orally), for the plaintiff.

*Daniel J. Daley* and *Drew, Morris & Shurtleff* (*Mr. Daley* and *Mr. Morris* orally), for the defendants.

PARSONS, C. J. The plaintiff, while wheeling a barrow in the defendants' service, upon a runway seven feet above the ground, fell from the runway and was injured. There was evidence that the runway was constructed for the plaintiff's use by the defendants before he was put to work upon it; that it was improperly constructed in that it was only two feet wide, when a width of four or five feet was necessary for safety, and that it was not as firm and rigid as it should have been; that the plaintiff had no experience in such work and was injured after he had been at work about thirty minutes. Upon this evidence it cannot be said, as a matter of law, that the master had performed the duty of care in providing a safe work-place assumed by him in this case, or that the plaintiff knew the danger attending the wheeling of a barrow upon so narrow a platform, disclosed by the testimony of the witness experienced in such work. Just how the fall was brought about is not very clear; but there was evidence that the plaintiff lost his balance either when attempting to dump the load of concrete he was wheeling, or by slipping upon the planks afterward. It could be found in either event that this occurred without fault on the plaintiff's part, and that the narrowness of the runway—the defendants' fault—was a contributing cause without which the accident would not have

happened. The plaintiff had had some experience in wheeling a barrow on the ground, but it does not conclusively follow that he knew without experience the danger from which it could be found his injury resulted. The case was properly submitted to the jury.

*Exceptions overruled.*

All concurred.