Rockingham, }
Feb. 7, 1922. }

## PAOLO ANGELICO, *Adm'r, v.* L. H. SHATTUCK, INC.

The questions whether a defendant furnished its employees with a sufficient runway over a ship's hatch and whether the fall of an infant employee resulted from his losing his balance while walking thereon were properly submitted to the jury.

CASE, for causing the death of the plaintiff's intestate. Trial by jury and verdict for the plaintiff.

At the time the accident happened, the defendants, who are ship-builders, were finishing a ship tied up to their wharf and employed the intestate, a boy of fourteen, as a timekeeper and water-boy. His work took him to all parts of the ship. There was a hatch or well amidships about fifteen feet square, extending from the boat deck to the hold, with openings for doors on the bridge deck on both sides of the ship, and a runway from door to door composed of 4″ x 4″ hard pine timbers.

A witness, who examined the runway shortly after the accident, testified that at that time three or four of these timbers were close together and the other far enough from them so that a boy of the intestate's size could fall between them.

Transferred by *Branch,* J., from the May term, 1921, of the superior court on the defendants' exception to the denial of their motion for a directed verdict.

*Sleeper & Brown (Mr. Sleeper* orally), for the plaintiff.

*Scammon & Gardner (Mr. Frank A. Batchelder* orally), for the defendants.

YOUNG, J. There is no merit in the defendants' contention that it must be found the timbers of which the runway was composed were

suitable for that purpose and in their proper places at the time the accident happened, for while a witness testified to these facts, there was other evidence tending to prove that the timbers were unsuitable and that one was separated a considerable distance from the others. But if it were conceded that the timbers were suitable and in their proper places, it could not be said the court erred when it submitted the issue of the defendants' fault to the jury, for it cannot be said that all fair-minded men must agree that an unrailed runway twenty inches wide over a pit fifteen feet square and forty feet deep is such a one as the ordinary man would provide for the use of his employees. *Buell* v. *Company*, 77 N. H. 55.

The defendants contend that if it can be found they maintained an unsuitable runway, it cannot be found that their fault in this respect was the legal cause of the intestate's death. In other words, they contend that it is as probable that the accident happened in some unexplained way as that the intestate tripped or lost his balance and fell. The evidence relevant to the issue of the cause of his fall is the testimony of a fellow-employee who saw the intestate approaching the runway and a short distance from it and saw him again a few seconds later falling and clutching at the runway.

One inference of which this evidence is fairly capable is that the intestate lost his balance while walking on the timbers which were close together and in falling attempted to save himself by taking hold of the timber which was some distance from them. If that was what happened, it would account for the fact he appeared to be clutching at the runway when he was seen falling to his death. In short, the conclusion the intestate lost his balance is one of which the evidence is fairly capable, and as there is no other equally probable conclusion inferable from the evidence, it cannot be said the court erred when it denied the defendants' motion for a directed verdict.

*Exception overruled.*

All concurred.